UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>LUIS A. MARTINEZ, et al.,<br><br>    Defendants. | Case No. 22-cv-09007-AMO (PR)<br><br>**ORDER GRANTING MOTION TO SCREEN AMENDED COMPLAINT; PARTIALLY DISMISSING WITH LEAVE TO AMEND CLAIMS AGAINST DOE DEFENDANTS; AND SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 2 |

## I.  INTRODUCTION

Plaintiff Kwesi Muhammad filed this civil action in the Monterey County Superior Court, *Muhammad v. Martinez, et al.*, Case No. 22CV003237, stemming from alleged constitutional violations relating to prison officials' failure to take adequate precautions against the spread of COVID-19 at the Correctional Training Facility ("CTF"), where he was previously incarcerated. Muhammad subsequently filed a First Amended Complaint ("FAC") in state court. Dkt. 2-1 at 2-36; Defs.' Ex. A. In his FAC, Muhammad names the following CTF officials: Acting Warden Luis A. Martinez; Chief Medical Executive Bayode Omosaiye; Chief Medical Officer Steven C. Posson; and "Doe Defendants 1 through 10." Dkt. 2-1 at 3.[1] He seeks monetary and punitive damages. *Id.* at 12.

Defendants Martinez, Omosaiye, and Posson removed the action to this Court pursuant to 28 U.S.C. § 1441(b). These aforementioned Defendants, who are represented by the State

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Muhammad.

Attorney General's Office,² filed a motion asking the Court to screen the FAC under 28 U.S.C. § 1915A. Dkt. 2. Therein, they additionally request "thirty days to respond to the operative complaint, from the date of the service of the screening order" "[i]n the event that the screened [FAC], or any portion thereof, survives[.]" *Id.* at 2. The Court GRANTS their motion to screen the FAC and directs the parties to abide by the briefing schedule outlined below.

The Court now conducts its initial review of the FAC pursuant to 28 U.S.C. § 1915A. Venue is proper because the events giving rise to Muhammad's claims in his FAC are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II.  DISCUSSION

### A.  Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.  Legal Claims

#### 1.  Claims Against Named Defendants

Muhammad alleges that Defendants Martinez's, Omosaiye's, and Posson's "failure to timely implement all reasonable and adequate precautionary measures to limit the transmission of COVID-19 in [the] F-Wing, and in other housing units on Central Facility [at CTF], recklessly

---

² Deputy Attorney General Hannah Park represents and has acknowledged service on behalf of Defendants Martinez, Omosaiye, and Posson.

exposed [Muhammad] to [a] heightened risk of contracting COVID-19." Dkt. 2-1 at 7. Specifically, Muhammad claims that "[b]etween January 3, 2022 and January 25, 2022, Central Facility was in the midst of a COVID-19 outbreak: It had more than 60 confirmed cases from the various housing units." *Id.* at 4-5. From the end of January 2022 through mid-February 2022, inmates in the Central Facility's F-Wing, which can host a maximum of 336 inmates and is where Muhammad was housed at that time, started testing positive for COVID-19. *Id.* at 5. On February 14, 2022, Muhammad and 46 other inmates in the F-Wing tested positive for COVID-19. *Id.* By February 15, 2022, a total of 53 inmates in the F-Wing had tested positive for COVID-19. *Id.* However, none of the inmates in the F-Wing were placed on quarantine status. *Id.* On February 18, 2022, all the inmates in the F-Wing were placed on COVID-19 quarantine status. *Id.* However, from January 2022 up to February 18, 2022, "inmates from [the] F-Wing (including those who refused to be tested) were allowed to intermingle with other inmates and staff from different housing units in various areas throughout CTF (e.g. Prison Industry Authority, the main kitchen and central laundry), which very likely contributed to the severity of the outbreak on Central Facility." *Id.* Muhammad claims that "[a]s a direct result of contracting COVID-19, [he] continues to suffer on a daily basis from numerous post COVID-19 related health problems including but not limited to chronic fatigue syndrome, chest pain, heart palpitations, difficulty thinking and concentrating, and debilitating joint and back pain. *Id.* at 7-8. Liberally construed, Muhammad has stated claims for relief under the Eighth Amendment against Defendants Martinez, Omosaiye, and Posson. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

Muhammad asserts supplementary state law claims that the actions of Defendants Martinez, Omosaiye, and Posson were negligent and violated the California constitution. Dkt. 2-1 at 9-12. The federal supplemental jurisdiction statute provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Liberally construed, Muhammad's

1    allegations satisfy the statutory requirement.  Accordingly, the Court will exercise supplemental

2    jurisdiction over the aforementioned state law claims.

### 2. Claims Against Doe Defendants

As to the remaining Doe Defendants in the FAC—"Doe Defendants 1 through 10"—Muhammad fails to set forth specific facts showing how these Doe Defendants violated a federally protected right, e.g., Muhammad lists "Doe Defendants 1 through 10" in his FAC, but fails to identify these Doe Defendants or specifically state how they actually and proximately caused the deprivation of the federally protected rights of which he complains. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  If Muhammad wishes to add these individuals as defendants, then he must set forth specific facts showing how these Doe Defendants actually and proximately caused the deprivation of a federally protected right, and he must also provide to the court the names of these Doe Defendants.  Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  Muhammad's claim against "Doe Defendants 1 through 10" is DISMISSED with leave to amend for him to provide to the court the names of these Doe Defendants or, if the names are not presently known, to provide specific facts about these Doe Defendants to explain how each of these individuals was involved in the deprivation of his federally protected rights.  The Court further notes that if Muhammad names these individuals in a second amended complaint, he must link them to his claims by listing them clearly and describing each doe defendant (including any physical characteristics and their occupation, if possible) to the best of his abilities.  Failure to do so will result in dismissal of these Doe Defendants without prejudice to Muhammad filing a new action against them.

4

**III.    CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion asking the Court to screen the FAC under 28 U.S.C. § 1915A is GRANTED.  Dkt. 2.

2. Muhammad's allegations relating to the actions, or more specifically the *failure* to act, of Defendants Martinez, Omosaiye, and Posson state a cognizable Eighth Amendment claim.

3. The Court will exercise supplemental jurisdiction over Muhammad's state law claims that the actions of Defendants Martinez, Omosaiye, and Posson were negligent and violated the California constitution.

4. The Court DISMISSES with leave to amend Muhammad's claim against "Doe Defendants 1 through 10."  If Muhammad chooses to file a second amended complaint ("SAC"), he must file the SAC within **twenty-eight (28) days** of the date of this Order.  The SAC must include the caption and civil case number used in this Order, Case No. 22-cv-9007-AMO (PR) and the words "SECOND AMENDED COMPLAINT" on the first page.  Muhammad must use the Court's complaint form and answer all the questions on the form in order for the action to proceed.  Because the SAC completely replaces the previous complaints, Muhammad must include in his SAC *all* the claims he wishes to present, including any amended claims (i.e., his claim against these Doe Defendants) as well as the Eighth Amendment claim against Defendants Martinez, Omosaiye, and Posson, which the Court has already found cognizable, and any state law claims.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Muhammad may not incorporate material from the prior complaints by reference.  Failure to file a SAC in accordance with this Order in the time provided will result in the following: (1) the dismissal of Muhammad's claim against the Doe Defendants—"Doe Defendants 1 through 10"; (2) the FAC (Dkt. 2-1) remaining the operative complaint; and (3) this action proceeding in accordance with this Order.

5. No later than **thirty (30) days** from the date of this Order, the defendants shall answer the FAC in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, the

1  defendants shall file a motion for summary judgment or other dispositive motion.  The motion
2  must be supported by adequate factual documentation, must conform in all respects to Federal
3  Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming
4  from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[3]
5  notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in
6  order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice
7  requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A
8  motion to dismiss for failure to exhaust available administrative remedies must be accompanied by
9  a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event
10 that a failure to exhaust is clear on the face of the FAC, the defendants may move for dismissal
11 under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule
12 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*,
13 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
14 remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
15 defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on
16 the face of the FAC, the defendants must produce evidence proving failure to exhaust in a motion
17 for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most
18 favorable to the plaintiff shows a failure to exhaust, the defendants are entitled to summary
19 judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be
20 denied and the district judge rather than a jury should determine the facts in a preliminary
21 proceeding.  *Id.* at 1168.
22       If the defendants are of the opinion that this case cannot be resolved by summary
23 judgment, the defendants shall so inform the Court prior to the date the summary judgment motion
24 is due.  All papers filed with the Court shall be promptly served on the plaintiff.
25            b.       The plaintiff's opposition to the dispositive motion shall be filed with the
26 Court and served on the defendants no later than **twenty-eight (28) days** after the date on which

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    the defendants' motion is filed.

2               c.      The plaintiff is advised that a motion for summary judgment under Rule 56
3    of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
4    must do in order to oppose a motion for summary judgment. Generally, summary judgment must
5    be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
6    any fact that would affect the result of your case, the party who asked for summary judgment is
7    entitled to judgment as a matter of law, which will end your case. When a party you are suing
8    makes a motion for summary judgment that is properly supported by declarations (or other sworn
9    testimony), you cannot simply rely on what your FAC says. Instead, you must set out specific
10   facts in declarations, depositions, answers to interrogatories, or authenticated documents, as
11   provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and
12   documents and show that there is a genuine issue of material fact for trial. If you do not submit
13   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
14   If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154
15   F.3d at 962-63.

16          The plaintiff also is advised that—in the rare event that the defendants argue that the
17   failure to exhaust is clear on the face of the FAC—a motion to dismiss for failure to exhaust
18   available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit
19   without prejudice. To avoid dismissal, you have the right to present any evidence to show that
20   you did exhaust your available administrative remedies before coming to federal court. Such
21   evidence may include: (1) declarations, which are statements signed under penalty of perjury by
22   you or others who have personal knowledge of relevant matters; (2) authenticated documents—
23   documents accompanied by a declaration showing where they came from and why they are
24   authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
25   in your FAC insofar as they were made under penalty of perjury and they show that you have
26   personal knowledge of the matters state therein. As mentioned above, in considering a motion to
27   dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment
28   motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse the defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.       The defendants shall file a reply brief no later than **fourteen (14) days** after the date the plaintiff's opposition is filed.

        e.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.       Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the defendants to depose the plaintiff and any other necessary witnesses confined in prison.

7.       All communications by the plaintiff with the Court must be served on the defendants' counsel by mailing a true copy of the document to them.

8.       It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9.       Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10.      This Order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: September 22, 2023

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

8